IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| ENTENTERTAINMENT PRODUCTIONS, INC., a Tennessee Corporation, d/b/a CHRISTIE'S CABARET, et al., | ) ) ) ) ) |
| Plaintiffs, | ) Civil No. 08-2047-D/P ) ) |
| vs. | ) ) |
| SHELBY COUNTY, et al., | ) ) |
| Defendants. | ) |

---

### ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
---

Before the court by order of reference is plaintiffs' Motion to Compel Defendant City of Memphis to Produce Certain Documents Requested in Discovery.  (D.E. 57.)  For the following reasons, plaintiffs' Motion to Compel is DENIED.

In their motion, plaintiffs seek an order compelling defendant City of Memphis to produce essentially all records and reports relating to crimes within the city limits over a five-year time period.  Specifically, plaintiffs' request for production, which relates to crimes that occurred and incidents recorded within the entire city from September 1, 2003 through August 30, 2008, asks for the following documents:

   (1)  All documents concerning the National Incident
        Based Reporting System crime incidents and reports
        records.

>(2)   Computer Aided Dispatch records and all records concerning calls for service to the police, including all data that reflects the incident date and time, incident type, disposition made regarding the incident, incident street address, and spatial coordinates assigned to or recorded in connection with each incident.
>
>(3)   Any crime incident reports and/or arrest reports/data or information used to assemble Uniform Crime Reports, including the date and time of the crime, type of crime, street address of the crime, and any geo-coded coordinates assigned to or recorded in connection with the crime.
>
>(4)  A list and explanation of any codes utilized in the records produced in response to the above requests.

The court finds that these broad and far-reaching discovery requests seek production of irrelevant information. In the Sixth Circuit, plaintiffs who challenge ordinances regulating adult-oriented establishments are generally not entitled to discovery regarding negative secondary effects at the local level. See Sensations v. City of Grand Rapids, 526 F.3d 291, 298-99 (6th Cir. 2008) (rejecting plaintiffs' argument that they were improperly denied discovery and, specifically, rejecting argument that the Sixth Circuit's Deja Vu decision denying discovery violates the Supreme Court's decision in City of Los Angeles v. Alameda Books, Inc., 535 U.S. 425 (2002)); Deja Vu of Nashville, Inc. v. Metropolitan Government of Nashville & Davidson County, 466 F.3d 391, 398 (6th Cir. 2006) (rejecting plaintiffs' argument that they were improperly denied discovery and stating that "[w]e have followed the Supreme Court in deferring to local governments'

conclusions regarding whether and how their ordinances address adverse secondary effects" and that "Deja Vu offers no authority entitling it to undermine this deference through discovery"). In addition, plaintiffs have not sufficiently demonstrated how obtaining documents relating to all crimes and reported incidents for all of Memphis, over a five-year period, would be reasonably calculated to lead to the discovery of admissible evidence. While this voluminous city-wide crime data arguably might suggest that a different conclusion was also reasonable, this would not prove that the defendant's findings were impermissible or its rationale unsustainable. Richland Bookmart, Inc. v. Knox County, Tennessee, 555 F.3d 512, 527 (6th Cir. 2009) (stating that "[g]iving Plaintiffs' evidence the most charitable treatment, it suggests merely that the County 'could have reached a different conclusion during its legislative process' with regard to the need to regulate some categories of sexually oriented businesses.").

    For these reasons, the motion is DENIED.

    IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 28, 2009
Date