IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| **ENTERTAINMENT PRODUCTIONS, INC., a Tennessee Corporation, d/b/a CHRISTIE'S CABARET, et al.,** | ) ) ) ) ) ) | |
|       Plaintiffs, | ) ) | Civil No. <u>08-2047-D/P</u> |
| vs. | ) ) ) | |
| **SHELBY COUNTY, et al.,** | ) ) ) | |
|       Defendants. | ) | |

_____

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL**
_____

Before the court by order of reference is defendant Shelby County's Motion to Compel, filed June 3, 2009. (D.E. 87.) Plaintiffs filed a response in opposition to the motion on June 17, 2009, arguing, among other things, that the motion should be denied because it was not timely filed.

It is well established that the scope of discovery is within the sound discretion of the trial court. <u>Lavado v. Keohane</u>, 992 F.2d 601, 604 (6th Cir. 1993). A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery. <u>Overnite Transportation Co. v. International Brotherhood of Teamsters</u>, No. 99-2747, 2001 WL 1910054, *1 (W.D. Tenn. Oct. 26, 2001); <u>Medtronic Sofamor Danek, Inc. v. Osteotech, Inc.</u>, No. 99-2656, 2001 WL 1910058 (W.D. Tenn.

Sept. 21, 2001); see also Banks v. CBOCS West, Inc., No. 01 C 0795, 2004 WL 723767, *2 (N.D. Ill. April 1, 2004); Willis v. New World Van Lines, Inc., 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000)(citing Ginett v. Federal Express Corp., 166 F.3d 1213 (6th Cir. 1998)); Gault v. Nabisco Biscuit Co., 184 F.R.D. 620, 622 (D. Nev. 1999). As the court in Overnite Transportation explained:

> Local Rule 26.1(d) of the Western District of Tennessee provides "All discovery shall be completed and *all motions in connection with disputed discovery shall be filed no later than the dates designated in the scheduling order*." (emphasis added). The plain language of the amended scheduling order indicates that all discovery was to be "completed" by May 31, 2001, nearly five months ago. The term "completed" means "finished," or with "nothing substantial remaining to be done." Black's Law Dictionary 285 (6th ed. 1990).

Id. at *1; see also Medtronic, 2001 WL 1910058, at *4 ("the motion to compel was filed with the Court on August 22, 2001, one day after the August 21, 2001 discovery deadline had passed. If for no other reason, the motion should be denied as untimely filed after the discovery deadline").[1]

The final discovery deadline, which had been extended by the court on multiple prior occasions, was May 15, 2009. Thus, the motion to compel is untimely. Although under certain circumstances there may be good cause to excuse an untimely motion to compel, the defendant has not explained in its motion to compel why the motion could not have been filed before the May 15 deadline. In addition,

---

[1] Local Rule 26.1(d) has since been renumbered as 26.1(c).

the original scheduling order entered on March 25, 2008, clearly states that motions to compel discovery must be filed by the discovery deadline, and that unless the time for filing such a motion is extended for good cause shown, "the objection to the default, response, answer, or objection [to the discovery requests] shall be waived." (D.E. 33.)  For these reasons, the motion to compel is DENIED.

    IT IS SO ORDERED.

                          s/ Tu M. Pham
                          TU M. PHAM
                          United States Magistrate Judge

                          July 10, 2009
                          Date